## EASLEY & WILLINGHAM v. REDPATH, *et al.*

1. RATE OF INTEREST. When the parties to an action on a note in which no rate of interest was named, agreed in writing that judgment should be rendered *for the amount of said note;* the court erred in rendering judgment for said amount with interest at the rate of ten per cent per annum.

*Appeal from Boone District Court.*

TUESDAY, OCTOBER 13.

ACTION on a promissory note. Judgment was rendered for plaintiffs, by agreement of the parties. Defendant

Lord v. Ellis.

appeals. The errors complained of are presented in the opinion of the court.

*Cornelius Beal* and *John A. Hull*, for the appellants, cited the Code of 1851, section 946; Chapter 37, section 3, Laws 1852–3; *Burkhart* v. *Sappington*, 1 G. Greene, 66; *Gower & Holt* v. *Carter & Shattuck*, 3 Iowa 244.

*Casady & Crocker*, for the appellee.

STOCKTON, J.—By an agreement in writing, signed by the parties by their attorneys, the plaintiffs were authorized to take judgment against defendants for the full amount of the note sued on, and execution was to issue against the property attached four months after adjournment of the term. Nothing is said about interest, either in the note or in the agreement. The court rendered judgment for the amount found due on the note, and ordered that the principal sum bear interest at the rate of ten *per centum per annum.*

There was no authority for this judgment for interest on the principal sum, at the rate of ten *per centum.* The note sued on, did not call for any rate of interest, on its face, and the agreement of the parties is silent on the subject.

Judgment reversed.